IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS JOSE CASTELLANO RIVERA <br><br> v. <br><br> JAMAL L. JAMISON, *et al.* | CIVIL ACTION <br><br> No. 26-1150 |

Henry, J.                                                                                                                  February 27, 2026

**MEMORANDUM**

      Luis Jose Castellano Rivera is one of many who have recently been detained by immigration authorities under the purported authority of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225. The respondents argue that this statute, properly interpreted, permits them to treat as "seeking admission" an immigrant who was not inspected upon arrival in the country, no matter how long ago that arrival occurred.[1] This distinction deprives a detainee like Castellano Rivera of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of hundreds of other decisions in recent months rejecting the BIA's analysis, and because I am not persuaded or bound by the one appellate authority on point, I grant Castellano Rivera's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

---

[1] I follow my colleagues in referring principally to the section as codified in Title 8 of the United States Code rather than the sections as numbered in the INA, but it makes no difference. *But cf. Lattab v. Ashcroft*, 384 F.3d 8, 12 n.1 (1st Cir. 2004).

## I. BACKGROUND

On February 23, 2026, Castellano Rivera filed a petition for a writ of habeas corpus. The respondents have expressly disclaimed any dispute as to the factual content of the petition or any need for further evidence. By agreement of the parties, Castellano Rivera is (or was, on February 23) detained in the Philadelphia Federal Detention Center (FDC) by Warden Jamal L. Jamison, after being arrested by Immigration and Customs Enforcement (ICE) on February 20, 2026.

Castellano Rivera entered the country without inspection in August of either 2021 or 2022, *compare* Pet'n ¶ 69 *with* Opp. 3, 2½–3½ years prior to his arrest. Respondents perhaps suggest through their argument that he was detained shortly after his entry into the country, although they only characterize the interaction directly as an "encounter[]." Opp. 4. He is a citizen of Venezuela. He was arrested by ICE while exiting his home. No further facts regarding the circumstances of his arrest have been provided. I will not disturb the parties' agreement to proceed on the facts contained in their papers.

Because Castellano Rivera is detained under the mandatory detention provision of 8 U.S.C. § 1225 (INA § 235), the respondents have determined that he will not be permitted a bond hearing, Opp. 8.

## II. DISCUSSION

As the respondents acknowledge, "the case turns principally on the threshold question of statutory interpretation" regarding the immigration detention statutes. Opp. 3. The question resolves into arguments about interpreting Section 1225, which may also touch on the Constitution's Due Process Clause as well as immigration regulations.[2] The issue has been considered directly

---

[2] The respondents have challenged this Court's jurisdiction prior to the merits in previous cases, but, as they acknowledge, they raise no jurisdictional challenge here. Opp. 3 n.3.

by one appellate court, which rendered its opinion a few weeks ago. *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) concluded at the level of a preliminary injunction that the government was not likely to succeed on the merits of its argument for mandatory detention of applicants for admission present under § 1225(b)(2)(A)). The Court of Appeals for the Third Circuit, whose decisions bind this Court, has before it appeals of the same issue, *e.g.*, Notice of Appeal, *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Feb. 2, 2026), but it has not yet produced a decision on the matter.

The question here: Is Castellano Rivera properly detained under the mandatory detention provisions in 8 U.S.C. § 1225?[3] According to respondents, this detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Castellano Rivera was "seeking admission" under this section, although he had been in the country since 2004 and was detained in early 2026. This reading suffers from several textual problems: It is not a plain reading of the text, since it would be strange to say that Castellano Rivera seeks to be "admitted" to a place he had already entered. *Kashranov v. Jamison*, 2025 WL 3188399 at *6–7 (E.D. Pa. Nov. 14, 2025); It threatens to make meaningless the concurrent requirement that

---

[3] The respondents very helpfully outline the distinction between a few different categories of cases within this area. They argue that this case falls within the "*Q. Li*" category, because of the "encounter[]" Castellano Rivera had at or near the border upon his entry. That encounter, as noted above, is not well characterized by the facts supplied at this level. Nevertheless, as the respondents concede, the legal question between *Q. Li*, *Hurtado* (cases lacking a border-area detention) and some others "all share the same authority" for mandatory detention and therefore rise and fall upon the same "fundamental point of departure" relating to the correct interpretation of § 1225(b)(2)(A). Opp. 3.

the same "alien *seeking* admission" be an "*applicant* for admission." *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025); *accord Buenrostro-Mendez*, 2026 WL 32330 at *12 (Douglas, J., dissenting). It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025) (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Buenrostro-Mendez*, 2026 WL 323330 at *4 (offering alternative analysis of effect of Laken Riley Act). And it would seem to contravene the Supreme Court's own interpretation of the function of these statutes. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("law authorizes the Government to detain certain *aliens seeking admission* into the country under §§ 1225(b)(1) and (b)(2) [and] to detain certain *aliens already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)").

Where this Court has spoken nearly 200 times on the matter in the past several months, and where in fact I have spoken several times myself without any internal contradiction of which I am aware, I think a deeper giving of reasons would be merely cumulative. Because I find the statutory arguments sufficient to hold unlawful his present detention, I need not reach constitutional or regulatory arguments.

The respondents do not argue that Castellano Rivera is presently detained pursuant to both § 1226 and § 1225. Section 1226 permits detention but would generally permit the detainee to seek bond. The government has occasionally and recently argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at *5. Since Castellano Rivera has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

### III. **CONCLUSION**

For the reasons given above, Castellano Rivera's present detention under § 1225 is unlawful, and he must be released. I will issue an order granting him a bond hearing upon any future detention under § 1226. Castellano Rivera may also submit a motion for attorney fees with a proposed order and/or judgment.